MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANA ELIZABETH GONZALEZ, *individually*
*and on behalf of others similarly situated,*

                    *Plaintiff,*

        -against-

BANACO II LLC (D/B/A LAUNDROMAT)
and ISSA AMINI BANACO,

                  *Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Ana Elizabeth Gonzalez ("Plaintiff Gonzalez" or "Ms. Gonzalez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Banaco II LLC (d/b/a Laundromat), ("Defendant Corporation") and Issa Amini Banaco, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Gonzalez is a former employee of Defendants Banaco II LLC (d/b/a Laundromat) and Issa Amini Banaco.

2.     Defendants own, operate, or control a laundromat, located at 2035 Third Avenue, New York, New York 10029 under the name "Laundromat".

3.      Upon information and belief, individual Defendant Issa Amini Banaco, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Gonzalez was employed as a general assistant at the laundry service located at 2035 Third Avenue, New York, New York 10029.

5.      At all times relevant to this Complaint, Plaintiff Gonzalez worked for Defendants without appropriate minimum wage compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Gonzalez appropriately for any hours worked, either at the straight rate of pay.

7.      Defendants' conduct extended beyond Plaintiff Gonzalez to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

9.      Plaintiff Gonzalez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Gonzalez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gonzalez's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Gonzalez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Ana Elizabeth Gonzalez ("Plaintiff Gonzalez" or "Ms. Gonzalez") is an adult individual residing in New York County, New York.

14.     Plaintiff Gonzalez was employed by Defendants at Laundromat from approximately September 21, 2015 until on or about April 26, 2019.

15.     Plaintiff Gonzalez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 2035 Third Avenue, New York, New York 10029 under the name "Laundromat".

17.     Upon information and belief, Banaco II LLC (d/b/a Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and

belief, it maintains its principal place of business at 2035 Third Avenue, New York, New York 10029.

18.     Defendant Issa Amini Banaco is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Issa Amini Banaco is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Issa Amini Banaco possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

19.     Defendants operate a laundromat located in the East Harlem section of Manhattan in New York City.

20.     Individual Defendant, Issa Amini Banaco, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22.     Each Defendant possessed substantial control over Plaintiff Gonzalez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gonzalez, and all similarly situated individuals, referred to herein.

23.     Defendants jointly employed Plaintiff Gonzalez (and all similarly situated employees) and are Plaintiff Gonzalez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24.     In the alternative, Defendants constitute a single employer of Plaintiff Gonzalez and/or similarly situated individuals.

25.     Upon information and belief, Individual Defendant Issa Amini Banaco operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

26.     At all relevant times, Defendants were Plaintiff Gonzalez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Gonzalez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gonzalez's services.

27.     In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29.     Plaintiff Gonzalez is a former employee of Defendants who was employed as a general assistant.

30.     Plaintiff Gonzalez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ana Elizabeth Gonzalez*

31.     Plaintiff Gonzalez was employed by Defendants from approximately September 21, 2015 until on or about April 26, 2019.

32.     Defendants employed Plaintiff Gonzalez as a general assistant.

33.     Plaintiff Gonzalez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

34.     Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

35.     From approximately September 21, 2015 until on or about August 2017, Plaintiff Gonzalez worked from approximately 3:00 p.m. until on or about 10:00 p.m., five days a week (typically 35 hours per week).

36.     From approximately August 2017 until on or about April 26, 2019, Plaintiff Gonzalez worked from approximately 7:00 a.m. until on or about 3:00 p.m., two days a week and from approximately 3:00 p.m. until on or about 10:00 p.m., three days a week (typically 37 hours per week).

37.     Throughout her employment, Defendants paid Plaintiff Gonzalez her wages in cash.

38.     From approximately September 21, 2015 until on or about December 2018, Defendants paid Plaintiff Gonzalez a fixed salary of $300 per week.

39.     From approximately January 2019 until on or about April 26, 2019, Defendants paid Plaintiff Gonzalez a fixed salary of $320 per week.

40.     Plaintiff Gonzalez's pay did not vary even when she was required to stay later or work a longer day than his usual schedule.

41.     For example, Defendants required Plaintiff Gonzalez to work an additional 30 minutes past her scheduled departure time three days a week, and did not pay her for the additional time she worked.

42.     Defendants never granted Plaintiff Gonzalez any breaks or meal periods of any kind.

43.     Plaintiff Gonzalez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

44.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

45.     Defendants did not provide Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

46.     Defendants did not give any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

47.     Defendants required Plaintiff Gonzalez to purchase "tools of the trade" with her own funds—including gloves, masks, a fanny pack every three months, and a pair of shoes every six months.

*Defendants' General Employment Practices*

48.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez (and all similarly situated employees) to work without paying her appropriate minimum wage as required by federal and state laws.

49.     Plaintiff Gonzalez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

50.     Defendants' pay practices resulted in Plaintiff Gonzalez not receiving payment for all her hours worked, and resulted in Plaintiff Gonzalez's effective rate of pay falling below the required minimum wage rate.

51.     Defendants habitually required Plaintiff Gonzalez to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

52.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53.     Throughout her employment, Defendants paid Plaintiff Gonzalez her wages in cash.

54.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gonzalez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gonzalez properly for his full hours worked.

56.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gonzalez and other similarly situated former workers.

58.     Defendants failed to provide Plaintiff  Gonzalez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

59.     Defendants failed to provide Plaintiff Gonzalez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

<u>**FLSA COLLECTIVE ACTION CLAIMS**</u>

60.      Plaintiff Gonzalez brings her FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61.      At all relevant times, Plaintiff Gonzalez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

62.      The claims of Plaintiff Gonzalez stated herein are similar to those of the other employees.

<u>**FIRST CAUSE OF ACTION**</u>

<u>**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**</u>

63.      Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

64.      At all times relevant to this action, Defendants were Plaintiff Gonzalez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Gonzalez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

65.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

67.    Defendants failed to pay Plaintiff Gonzalez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

68.    Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

69.    Plaintiff Gonzalez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

70.    Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

71.    At all times relevant to this action, Defendants were Plaintiff Gonzalez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Gonzalez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

72.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gonzalez less than the minimum wage.

73.     Defendants' failure to pay Plaintiff Gonzalez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

74.     Plaintiff Gonzalez was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

75.     Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants failed to provide Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77.     Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

78.     Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

79.    With each payment of wages, Defendants failed to provide Plaintiff Gonzalez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

80.    Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

81.     Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

82.    Defendants required Plaintiff Gonzalez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

83.    Plaintiff Gonzalez was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gonzalez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gonzalez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gonzalez and the FLSA Class members;

(e)     Awarding Plaintiff Gonzalez and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Gonzalez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzalez;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Gonzalez's compensation, hours, wages and any deductions or credits taken against wages;

(i)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Gonzalez;

(j)    Awarding Plaintiff Gonzalez damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k)    Awarding Plaintiff Gonzalez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)    Awarding Plaintiff Gonzalez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)    Awarding Plaintiff Gonzalez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)    Awarding Plaintiff Gonzalez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Gonzalez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 14, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*