```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ANA ELIZABETH GONZALEZ,                                      :
                                    Plaintiff,               :
                                                             :      19 Civ. 5602 (LGS)
               -against-                                     :
                                                             :              ORDER
BANACO II LLC, ET AL.,                                       :
                                    Defendants.              :
-------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/2020

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 6, 2019, the parties filed a joint letter and settlement agreement ("Agreement"), for review under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). It is hereby

**ORDERED** that approval of the settlement agreement is **DENIED**, without prejudice to renewal, once counsel has corrected the below mistakes or ambiguities in the Agreement. Only upon correction can the fairness and reasonableness of the Agreement be ascertained. *See Cheeks*, 796 F.3d at 206–07; *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors for determining whether proposed settlement is fair and reasonable):

1. In the final paragraph of section 1 (beginning "Concurrently with the execution"), the rights and duties of a provision are unclear due to a critical typo. The Agreement states: "The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Gonzalez's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than . . . ." Counsel shall correct this provision;

2. The final sentences in each of the sections 1(a)-(d) of the Agreement state that "Determination of the Plaintiff Gonzalez's share, counsel fees, and costs, is the responsibility <u>solely</u> of the Plaintiff Gonzalez and their counsel" (emphasis added). This

sentence is inaccurate, as the Court determines the proper fees. Counsel shall (i) amend or omit each instance of this sentence in the Agreement, and (ii) include in the Agreement the specific amount of attorney's fees and costs Plaintiff's counsel seeks;

3. In the Affidavits of Confession of Judgment, attached as Exhibits A and B to the Agreement ("Affidavits"), paragraph 5 states: "This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, <u>which provides that Defendants are to submit a total sum of $34,500.00 to Plaintiff</u>" (emphasis added). The Agreement, however, provides only that Defendants will pay Plaintiff $23,000, and nowhere contains a $34,500 figure -- yet contradictorily, the Affidavits claim that the Agreement itself "provides [that] Defendants are to submit a total sum of $34,500.00 to Plaintiff." The Affidavits alone reference the $34,500 figure, claiming that it "represents the settlement amount of $23,000.00 plus liquidated damages of $11,500." The Affidavits do not explain what the "liquidated damages" are. Counsel shall correct the inconsistency between the Agreement and Affidavits, as identified in the underlined provision above, and elsewhere as needed. Counsel may clarify what the $11,500 liquidated damages and/or the $34,500 figure are. It is further

**ORDERED** that counsel shall file the revised executed Agreement, Affidavits and accompanying materials by **January 16, 2020.**

Dated: January 3, 2020
New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**