```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ANA ELIZABETH GONZALEZ,                                       :
                                        Plaintiff,            :
                                                              :        19 Civ. 5602 (LGS)
                 -against-                                    :
                                                              :             ORDER
                                                              :
BANACO II LLC, INC., ET AL.,                                  :
                                        Defendants.           :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2020

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 6, 2019, the parties filed their executed Settlement Agreement and supporting materials. The Court denied approval of these materials, under a *Cheeks* review, due to critical ambiguities and errors in the Settlement Agreement and accompanying Confessions of Judgment, as the Order at Dkt. No. 27 identifies;

WHEREAS, the parties filed their revised Settlement Agreement ("Revised Settlement Agreement") and accompanying materials on January 15, 2020. It is hereby

**ORDERED** that the Revised Settlement Agreement is **APPROVED** as fair and reasonable, based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors for determining whether proposed settlement is fair and reasonable). Furthermore, Plaintiffs' counsel's request for **$7,664** in attorneys' fees and costs (*i.e.*, four payments of $1916 each, as the Revised Settlement Agreement provides) is **APPROVED.** This amount is approximately one-third of the settlement total. Although the amount exceeds the lodestar, the Court finds that it is fair and reasonable in light of the risks of litigation and the litigation's complexity. *See Hui Luo v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA,

where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011).

The Clerk of Court is respectfully directed to close the case.

Dated: January 21, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE